JUSTICE KEENAN,
dissenting.
I would hold that this Court, rather than the Court of Appeals, has jurisdiction over Williams’ appeal. The language of Code § 17.1-406(A), which establishes the Court of Appeals’ criminal appellate jurisdiction, “is restrictive, limiting [that jurisdiction] to appeals from final criminal convictions and from action on motions filed and disposed of while the trial court retains jurisdiction over the case.” Southerly, 262 Va. at 299, 551 S.E.2d at 653. Williams’ motion to withdraw his guilty pleas, which was filed more than two months after his conviction, was neither an appeal from a criminal conviction nor a motion filed and disposed of during the 21-day period that the circuit court retained jurisdiction over his conviction. Because the present case also is not an appeal from a civil matter within the Court of Appeals’ jurisdiction, see Code § 17.1-405, that Court lacks jurisdiction to consider Williams’ appeal.
Upon review by this Court, I would affirm the circuit court’s judgment. Williams’ motion to withdraw his guilty pleas was untimely because it was not filed and resolved within the 21-day period that the circuit court retained jurisdiction over his conviction. See Code § 19.2-296; Rule 1:1.
A Copy,
Teste: David B. Beach, Clerk